IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ISABEL JACKSON, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> SALT CITY KITCHEN AND BATH, INC., a Utah Corporation; COUNTERWISE, INC., a Wyoming Corporation; TRAVIS HARPER, an Individual; KELLEY HARPER, an Individual; and ARTISTIC MILL, INC., a Utah Corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:16-CV-01137 <br><br><br> Judge Tena Campbell |

Salt City Kitchen and Bath, Inc. (SCKB), Counterwise, Inc., Travis Harper, and Kelly Harper (collectively, Defendants) moved to dismiss Isabel Jackson's complaint.  Defendants argue that SCKB does not qualify as a Title VII employer, because it does not employ fifteen or more workers.  (Defs.' Mot. to Dismiss 2, ECF No. 10.)

After Defendants filed their motion to dismiss, the parties "agreed to conduct limited discovery on the numerosity issue"—in other words, whether SCKB qualifies as a Title VII employer.  (Defs.' Reply in Supp. of Mot. to Dismiss 2, ECF 31.)  Once the parties had conducted discovery, Ms. Jackson responded to the motion to dismiss, contending that a genuine dispute of material fact exists as to whether SCKB qualifies as a Title VII employer.  To support this contention Ms. Jackson attached interrogatory responses she received from Defendants.

In their reply, Defendants also relied on material outside of the pleadings. Defendants now ask the court to convert their motion into one for summary judgment.  Defendants direct the court, for the first time, to tables and quarterly reports, asserting that these materials establish that SCKB does not qualify as a Title VII employer.

When "considering a Rule 12(b)(6) motion, a court can only consider the facts alleged in the complaint."  Dobson v. Anderson, 319 F. App'x 698, 701 (10th Cir. 2008).  When the parties rely on material outside the pleadings in their briefing, the court may convert the motion to dismiss into a motion for summary judgment.  Id.; see also Fed. R. Civ. P. 12(d).  However, when a court converts a

2

motion to dismiss into one for summary judgment, the court must afford all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  And courts have broad discretion in determining whether or not to make such a conversion.  Lowe v. Town of Fairland, Okl., 143 F.3d 1378, 1381 (10th Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366 (1990)).

Here, both parties rely on material outside of the pleadings.  In fact, in their reply brief, Defendants assert facts never before raised.  As a result, Ms. Jackson has not had an opportunity to respond to these factual assertions.  Though the court could convert Defendants' motion into one for summary judgment, the court acknowledges the factual nature of the parties' arguments and the requirement that parties on summary judgment be given a "reasonable opportunity to present all the material that is pertinent." Fed. R. Civ. P. 12(d). Moreover, the court notes that the local rules on summary-judgment motions are designed to facilitate the resolution of such motions.  See DUCivR56-1.  Those rules include specific requirements for structuring summary-judgment briefing. Id.

Rather than converting this motion into one for summary judgment without the benefits of the structured briefing required by the local rules, the court exercises its discretion and DENIES Defendants' motion (ECF No. 10). The court instructs Defendants to file a motion for summary judgment in accordance with DUCivR56-1, if they believe it appropriate. Such a motion will provide the parties with a reasonable opportunity to present the pertinent material in support of their arguments.

DATED this 17th day of July, 2017.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

4